## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

PARALEE BOYD SALON, LLC,

      *Plaintiff,*

v.

COG Studio, LLC,

      *Defendant.*

Civil Action No. _____

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT
## AND RELIEF PURSUANT TO 17 U.S.C. § 301

Plaintiffs PARALEE BOYD SALON, LLC, a Michigan limited liability company ("**ParaLee Boyd**") and its Member, Ms. Dana White ("**White**") (each a "**Plaintiff**" and, collectively, "**Plaintiffs**") files this complaint for declaratory judgment against Defendant COG Studio, LLC, a Michigan limited liability company ("**COGS**" or "**Defendant**").

### NATURE OF THE ACTION

1.      Plaintiffs seek a declaratory judgment of non-infringement of alleged copyright(s) material asserted against Plaintiff by Defendant COGS, which arise from actual claims asserted under the guise of Michigan state conversion and other statutory laws alleging Plaintiff's unauthorized use, copying and dissemination of certain of COGS alleged original works of authorship in Wayne County Circuit Court Civil Action Number 2016-010171-CB ("State Claims"). ParaLee Boyd further seeks declaratory judgment that each of the State Claims referring or relating to the "**Schematic Documents**" (as defined in the State Claims Complaint attached hereto as **Exhibit A** "**State Complaint**") are fully preempted by the United States Copyright Act, 17 U.S.C. § 301, and Defendant's asserted copyrights are invalid and unenforceable pursuant to at least 17 U.S.C. § 411.

## THE PARTIES

2.       ParaLee Boyd is a limited liability company organized and existing under the laws of the State of Michigan with its principal place of business located in Southfield, Michigan.

3.       White is a Member of Paralee Boyd Salon, LLC, and is a resident of the State of Michigan, conducting business for Paralee Boyd in Wayne and Oakland counties.

4.       COGS is a limited liability company organized under the laws of the State of Michigan whose registered office is located in Wayne County, and at all times material hereto, conducted business in the City of Detroit, County of Wayne, including entering into an agreement to provide interior design services for Plaintiffs' new Midtown salon to be located at 3939 Woodward Ave., Suite 400, Detroit, Michigan (**"Salon"**).

## JURISDICTION AND VENUE

5.     This is an action for declaratory judgment arising under (i) the United States Copyright Act of 1976, 17 U.S.C. §§ 101 and 301 *et seq.* (the "Copyright Act"); and (ii) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction of Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, since those claims form part of the same case or controversy as those over which this Court has original jurisdiction.

6.       Defendant COGS is also subject to the personal jurisdiction of this Court because the Defendant regularly maintains an office and registered agent in the State of Michigan and, therefore, is continuously present in the State of Michigan. In addition, its false assertions of infringement of alleged copyrights and interests directed to Plaintiffs in the State of Michigan regarding actions which occurred in or around Wayne County. Thus, this Court has both general and specific personal jurisdiction over COGS.

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT**
**AND RELIEF PURSUANT TO 14 U.S.C. § 301**                                         **Page 2**

7.      Venue of this action is proper in the Eastern District of Michigan under 28 U.S.C.

§ 1391(b)(1) and (2) because COGS is subject to the personal jurisdiction of this Court in this

Judicial District and thus qualifies as a resident of this Judicial District under 28   U.S.C.

§ 1391(c)(2). In addition, a substantial part of the events giving rise to Plaintiff's claims has

occurred and will continue to occur in the Eastern District of Michigan.

## FACTUAL BACKGROUND

8.      Plaintiff re-avers and re-states the foregoing Paragraphs 1-7 inclusively as if fully

set forth herein.

9.      Paralee Boyd is a Michigan business located in the Detroit area. ParaLee Boyd is

an innovative and acclaimed haircare salon born from White's idea that all women deserve timely,

inexpensive and quality hair care. Named after Whites maternal grandmother, PARALEE BOYD

SALON believes that luxury is a feeling and should not be determined by price.

10.     COGS holds itself out as an interior design firm and offered to provide such services

to Paralee in connection with its opening of a second location in Midtown, the Salon.

11.     Paralee Boyd and COGS entered into a written contract, whereby COGS was to

provide interior design services for the Salon and pursuant to which COGS allegedly prepared the

Schematic Documents

## DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY

12.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-11 inclusively as if fully

set forth herein.

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO 14 U.S.C. § 301**                                    **Page 3**

13.     On August 11, 2016, Defendant COGS filed the State Complaint, asserting counts: (I) Breach of Contract; (II) Statutory Conversion of the Schematic Documents; (III) Common Law Conversion of the Schematic Documents; and (IV) Quantum Meruit against Paralee Boyd and White, except for Counts I and IV, which were asserted only against Paralee Boyd.

14.     Prior to filing the State Complaint, Defendant COGS had been demanding payment from Plaintiffs' and asserting that Plaintiffs' were unlawfully using copies of the Schematic Documents, including in connection with replacement services currently being provided to Paralee Boyd's interior designer which it hired after Defendant COGS materially breached the parties contract.

15.     There presently exists a justiciable controversy regarding the Plaintiff's right to possess, use and disseminate copies of the Schematic Documents free of any allegation by COGS that such conduct constitutes an infringement of any copyright allegedly owned by COGS., and further whether the State Complaint, including its claims for conversion of the Schematic Documents, which COGS contends are its own original works of authorship, are preempted by the United States Copyright Act.

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF PURSUANT TO 14 U.S.C. § 301**                          **Page 4**

## FIRST CLAIM FOR RELIEF
### (Invalidity of Copyright)

16.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-15 inclusively as if fully set forth herein.

17.     This is a declaratory judgment action under (i) the United Sates Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of actual litigation filed by Defendant in the State Complaint and from which Plaintiff seeks relief from this Court.

18.     Plaintiff requests an order declaring that any alleged or potential copyright(s) asserted by the Defendant relating to the Schematic Documents, are invalid and unenforceable for, *inter alia*, the following not all-inclusive reasons:

> (a)     an absence of sufficient creativity and originality to be entitled to copyright protection or registration;

> (b)     the products merely consist of a combination of known elements, components, depictions and/or shapes, all of which are in the public domain, and are not entitled to copyright protection or registration; and

> (c)     Defendant has not properly registered any copyrights relating to the Schematic Documents, as required by 17 U.S.C. § 411.

## SECOND CLAIM FOR RELIEF
### (Non-Infringement of Copyright)

19.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-19 inclusively as if fully set forth herein.

20.     This is a declaratory judgment action under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the

Declaratory Judgment Act). As an actual justiciable controversy exists by way of the actual and pending litigation filed by Defendant in the State Complaint and from which Plaintiff seeks relief from this Court.

21.     Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by COGS relating to the Schematic Documents, either directly or by inducing others to infringe or by contributing to infringement by others.

### THIRD CLAIM FOR RELIEF
### (Declaration of Non-Breach)

22.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-22 inclusively as if fully set forth herein.

23.     This is a declaratory judgment action pursuant 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the actual and pending litigation filed by Defendant in the State Complaint and from which Plaintiff seeks relief from this Court.

24.     Plaintiff requests an order declaring that the it is not breached the contract by and between the parties relating to design services for the Salon.

### FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

25.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-25 inclusively as if fully set forth herein.

26.     Paralee Boyd and COGS entered into a written contract, pursuant to which COGS was to provide Paralee Boyd interior design services, for the Salon.

27.     The parties' contract required COGS to provide its services consistent with Paralee Boyd's "vision" and pursuant to the "Project Understanding," among other requirements

28.      Neither the Schematic Documents nor COGS services provided were consistent with Paralee Boyd's vision, the Project Understanding or the needs of the Salon.

29.     Plaintiff Paralee Boyd, however, performed under the contract.

30.     Whereas Defendant COGS did not, causing actual and proximate damage to Plaintiffs in an amount in excess of $25,000.00

## FIFTH CLAIM FOR RELIEF
### (Unenforceability of Trademark and Trade Dress – Product Packaging)

31.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-28 inclusively as if fully set forth herein.

32.     This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 *et seq.*, the Lanham Act, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of the Plaintiff's product and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

33.     Plaintiff requests an order declaring that the Defendant's alleged trademark and trade dress rights for the product packaging used in conjunction with its replica weapons ammunition shapes, including, but not limited to the .45 caliber ACP ammunition shape, lack the requisite legal requirements to be protectable and enforceable.

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**
**AND RELIEF PURSUANT TO 17 U.S.C. § 301**                                    **Page 7**

## SIXTH CLAIM FOR RELIEF
### (Defamation, Slander and Libel Per Se)

34.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-33 inclusively as if fully set forth herein.

35.     Defendant have made false and defamatory statements concerning Plaintiffs, including without limitation, the statements made in the State Complaint whereby Defendant alleges that Plaintiffs "wrongfully took possession of and removed the Schematic Documents from COGS offices secretively …."

36.     Defendant published and communicated this and other false and defamatory statements concerning Plaintiffs without privilege or authorization.

37.     Defendant published these and other false and defamatory statements concerning Plaintiffs with actual malice, without knowledge of the statements' falsity, and/or with reckless and negligent disregard for the falsity of the statements.

38.     Defendant's statements concerning Plaintiffs are defamatory per so, including because Defendant accuses Plaintiffs of violating laws and committing wrongful acts relating to their business and, therefore, have caused Plaintiffs special harm.

39.     As a result of Defendant's false and defamatory statements concerning Plaintiffs, Paralee Boyd and White have each suffered and will continue to suffer damage or other harm, including economic damages, damages to their respective reputations, and/or damage to their current and prospective business relations.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

(a)    An order declaring that COGS claims relating to the Schematic Documents are preempted by the Copyright Act;

(b)    An order declaring the alleged copyright(s) asserted, or which could potentially be asserted, by COGS referring or relating to the Schematic Documents, are invalid and unenforceable;

(c)    An order declaring that Plaintiffs do not infringe any valid copyright owned by COGS relating to the Schematic Documents;

(d)    An order declaring that Plaintiffs have not breached any contract with Defendant;

(e)    An order awarding Plaintiffs damages for Defendants' breach of contract;

(f)    An order awarding Plaintiffs damages for Defendant's false and defamatory statements, including an order striking them from the public record and restraining further publication or utterance of them;

(g)    An order awarding Plaintiffs their costs and attorney's fees pursuant to 17 U.S. Code § 505; and

(h)    Such other relief as this Court deems fair and just.

Dated: September 16, 2016          Respectfully submitted,

**CULHANE MEADOWS, PLLC**

By:   */s/ Jamal M Edwards* _____
        Jamal M Edwards PC
        State Bar No. P65536
        jedwards@culhanemeadows.com

        30 S. Wacker Dr., 22nd Floor
        Chicago, IL 60606
        Telephone:    (312) 554-5845
        Facsimile:    (312) 277-3169

        **ATTORNEYS FOR PLAINTIFFS**