UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Paralee Boyd Salon, LLC,

    Plaintiff,

v.                                              Criminal Case No. 16-13375

COG Studio, LLC,                    Sean F. Cox
                                                              United States District Court Judge

    Defendant.
_____/

## ORDER
## STRIKING IMPROPER NOTICE OF REMOVAL, REMANDING IMPROPERLY-REMOVED ACTION TO STATE COURT, AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS IN THE SALON'S COMPLAINT

On September 16, 2016, Plaintiff Paralee Boyd Salon, LLC ("the Salon") filed a Complaint in federal court, naming COG Studio, LLC ("the Studio") as the Defendant. That Complaint included a blank line for the case number on the front page of the Complaint, for the yet-to-be-assigned case number. After that Complaint was filed with the Clerk's Office, the action was assigned Case Number 16-13375.

After having initiated this civil action, the Salon then purported to file a "Notice of Removal" (Docket Entry No. 2) *in this existing civil action*. Counsel for the Salon listed the Case Number 16-13375 on the Notice of Removal.

**1.  The Notice Of Removal Was Improperly Filed In An Already-Existing Action.**

The Notice of Removal was improperly filed. This is because a case cannot be removed from state court to become part of an already existing federal case. *See, e.g., Gilliam v. Austin*, 2002 WL 1034115 at *4 (N.D. Cal. May 13, 2002); *Galvan v. Nationstar Mortgage*, 2014 WL

1

644320 at *1 (D. Nev. 2014); *Putnam, Inc. v. R.E.F.S. Inc.*, 2012 WL 3288241 (E.D. Cal. 2012); *Iqbal v. Afzai,* 2010 WL 934065 (N.D. Cal. 2010).

In a proper removal, "the notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number." *Gilliam, supra*, at *4.[1]

Moreover, the Salon did not pay a filing fee for the purported removal, even though such a fee is explicitly required for removal actions. 28 U.S.C. § 1914(a); *see also* Fee Schedule for United States District Court, Eastern District of Michigan, showing $400.00 civil case filing fee for notices of removal, at www.mied.uscourts.gov.

**2.  In Addition, The State-Court Action Appears To Have Been Improperly Removed In Any Event Because This Court Lacks Subject Matter Jurisdiction Over The Claims Asserted In The State-Court Action.**

In the state-court action, the Studio asserted the following claims against the Salon: 1) Breach of Contract (Count I); 2) Statutory Conversion (Count II); 3) Common Law Conversion (Count III); and 4) Quantum Meruit (Count IV). Those are all state-law claims. The only relief that the Salon seeks in the state-court action is monetary damages.

"As a general rule, a federal court has subject matter jurisdiction if the plaintiff's complaint invokes federal law as the basis for the relief requested." *Lynn v. Sure-Fire Music Co., Inc.*, 237 F. App'x 49, 52 (6th Cir. 2007) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). The Studio's "complaint invokes no federal law—constitutional, statutory, or otherwise—and alleges only state law claims, strongly

---

[1] On the civil cover sheet, the removing party can indicate that the case may be a companion case to an existing case. The Court then determines if the action should be reassigned.

suggesting that this case belongs in the state court where [the Studio] filed it in the first place." *Id.*

"But the rule proscribing federal court jurisdiction over purely state law claims has some exceptions, one of which is the instance in which 'a federal statute wholly displaces the state-law cause of action through complete pre-emption.' *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)." *Id.*

In purporting to remove the state-court action to this Court, the Salon's Notice of Removal asserts that the Studio's claims are preempted under the United States Copyright Act. If the Studio's claims are preempted by the Copyright Act, the Studio's complaint is "transposed to one seeking Copyright relief, thereby conferring subject matter jurisdiction" in federal court. *Lynn*, 237 F. App'x at 53.

"The question, then, is whether [the Studio's] allegations, although cast in the language of state law causes of action, actually seek relief that is available exclusively under the Copyright Act, via preemption." *Id.* They do not. Like the state-law tort and contract claims asserted in *Lynn*, the Studio's claims seek the recovery of money damages and "not for damages related to the loss of any rights conferred by Copyright Act." *Id*. at 54.

Accordingly, even if the Salon had properly removed the state-court action, this Court concludes that it would lack subject matter jurisdiction over the state-court action filed by the Studio.

3. **This Court Declines To Exercise Supplemental Jurisdiction Over The State-Law Claims In The Salon's Complaint In This Action.**

In its Complaint, the Salon asserts claims under the Copyright Act. It also asks this Court to exercise supplemental jurisdiction over the state-law claims asserted in the Third, Fourth, and

3

Sixth Claims for Relief.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Having reviewed the state-law claims in the Salon's complaint, this Court concludes that those state-law claims predominate. 28 U.S.C. § 1367(c)(2). In addition, the Court finds that the potential for jury confusion in this case would be great if the Salon's federal claims were presented to a jury along with those state-law claims. Thus, the potential for jury confusion is yet another reasons for this Court to decline to exercise supplemental jurisdiction over the Salon's state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

## CONCLUSION & ORDER

Accordingly, the Court **ORDERS** that the Notice of Removal filed in this action (Docket Entry No. 2). shall be **STRICKEN** and the state-court action purportedly removed to this Court shall be **REMANDED to Wayne County Circuit Court.**

**IT IS FURTHER ORDERED** that this Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over the Salon's state-law claims and **DISMISSES**

**WITHOUT PREJUDICE** the Salon's Third, Fourth, and Sixth Claims for Relief.

**IT IS SO ORDERED.**

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: September 27, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy  
Case Manager