UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Paralee Boyd Salon, LLC, *et al.*,

    Plaintiffs,

v.                                                            Criminal Case No. 16-13375

COG Studio, LLC,                           Sean F. Cox
                                                                      United States District Court Judge

    Defendant.
_____/

**ORDER DENYING
MOTION FOR RECONSIDERATION**

On September 16, 2016, Plaintiffs Paralee Boyd Salon, LLC and Dana White[1] filed a Complaint in federal court, naming COG Studio, LLC ("the Studio") as the Defendant. After that Complaint was filed with the Clerk's Office, the action was assigned Case Number 16-13375. After having initiated this civil action, Plaintiffs then purported to file a "Notice of Removal" (Docket Entry No. 2) *in this existing civil action*. Counsel for Plaintiffs listed the Case Number 16-13375 on the Notice of Removal.

In an Order issued on September 27, 2016, this Court ordered "that the Notice of Removal filed in this action (Docket Entry No. 2) shall be STRICKEN and the state-court action purportedly removed to this Court shall be REMANDED to Wayne County Circuit Court." (Docket Entry No. 3). This Court then declined to exercise supplemental jurisdiction over

---

[1] The caption of Plaintiff's Complaint lists Paralee Boyd Salon LLC as the only plaintiff in this action and the title of the Complaint (i.e. "Plaintiff's Complaint for Declaratory Judgment") also indicates a single plaintiff. The body of the complaint, however, indicates that Dana White is also a Plaintiff. Accordingly, the docket reflects that there are two plaintiffs in this action.

1

Plaintiffs' state-law claims asserted in this action and dismissed those claims without prejudice. (*Id*.).

On September 30, 2016, Plaintiffs filed a Motion for Reconsideration of this Court's September 27, 2016 Order. (Docket Entry No. 5). In it, Plaintiffs' Counsel indicates that he paid a removal fee in this action. He also asserts that he had intended to correct his filing errors "by filing a motion to strike the complaint and re-style this case as a removal, wherein the claim asserted in the Federal Complaint would have been asserted as counter-claims." (*Id*. at 4).

Motions for reconsideration in civil cases are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3).

Unless the Court orders otherwise, no response to a motion for reconsideration is permitted and no hearing is held. Eastern District of Michigan Local Rule 7.1(h)(3). This Court concludes that, with respect to Plaintiffs' Motion for Reconsideration, neither a response brief nor a hearing is necessary.

Again, in order to grant a motion for reconsideration, the movant must demonstrate a palpable defect by which the court has been misled and must also show that correcting the defect will result in a different disposition of the case. After reviewing Plaintiffs' Motion for Reconsideration, this Court concludes that Plaintiffs have not met that standard.

2

Even if Plaintiffs paid a removal fee, this Court continues to conclude that the Notice of Removal was improperly filed in this action because a case cannot be removed from state court to become part of an already existing federal case.  *See, e.g., Gilliam v. Austin*, 2002 WL 1034115 at *4 (N.D. Cal. May 13, 2002); *Galvan v. Nationstar Mortgage*, 2014 WL 644320 at *1 (D. Nev. 2014); *Putnam, Inc. v. R.E.F.S. Inc.*, 2012 WL 3288241 (E.D. Cal. 2012); *Iqbal v. Afzai,* 2010 WL 934065 (N.D. Cal. 2010).  Moreover, the Notice of Remand has already been issued to the Wayne County Circuit Court.  (Docket Entry No. 4).

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

                                                  S/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated:  October 6, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2016, by electronic and/or ordinary mail.

                                                  S/Jennifer McCoy
                                                  Case Manager