UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Paralee Boyd Salon, LLC, *et al.*,

    Plaintiffs,

v.                                      Civil Case No. 16-13375

COG Studio, LLC,                Sean F. Cox
                                            United States District Court Judge

    Defendant.
_____/

## ORDER DENYING
## MOTION FOR STAY OF REMAND

On September 16, 2016, Plaintiffs filed a Complaint in federal court, naming COG Studio, LLC as the Defendant. Plaintiff's "Complaint For Declaratory Judgment And Relief Pursuant To 17 U.S.C. § 301" included two copyright claims ("Invalidity of Copyright" and "Non-Infringement of Copyright,") and a claim under the Lanham Act. It also included state-law claims. After that Complaint was filed with the Clerk's Office, the action was assigned Case Number 16-13375.

After having initiated this civil action, Plaintiffs then filed a "Notice of Removal" (Docket Entry No. 2) in this existing civil action. Counsel for Plaintiffs listed the Case Number 16-13375 on the Notice of Removal.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Moreover, 28 U.S.C. § 1447 expressly provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In an Order issued on September 27, 2016, this Court ordered that the state-court action purportedly removed to this Court shall be "REMANDED to Wayne County Circuit Court." (Docket Entry No. 3). This Court first noted that the Notice of Removal was improperly filed in an already-existing action. Notably, this Court also concluded that it **lacked subject matter jurisdiction** over the claims asserted in the removed state-court action in any event. (*See* Docket Entry No. 3 at 2-3, explaining that even if Plaintiffs had properly removed the state-court action, this Court concludes that it lacks subject matter jurisdiction over the state-court action that Plaintiffs sought to remove.). This Court also declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims asserted in this action and dismissed those claims without prejudice. (*Id*.). That left Plaintiff's federal claims remaining in this action.

On September 30, 2016, Plaintiffs filed a Motion for Reconsideration of this Court's September 27, 2016 Remand Order. (Docket Entry No. 5). Finding all of Plaintiffs' arguments without merit, this Court denied that motion.

On October 10, 2016, Plaintiffs voluntarily dismissed this case. (*See* Docket Entry No. 9, "Pursuant to F. R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff(s) through their counsel, hereby give notice that **the above-captioned action is voluntarily dismissed**, without prejudice against ALL defendant(s).") (emphasis added).

Eight days after voluntarily dismissing this case, on October 18, 2016, Plaintiffs filed a Notice of Appeal, indicating that Plaintiffs wish to appeal this Court's Remand Order and its denial of Plaintiffs' Motion for Reconsideration. (Docket Entry No. 10).

On October 19, 2016, Plaintiffs filed a "Consolidated Motion For Stay Of Remand & State Court Action Pending Appeal" (Docket Entry No. 12) wherein Plaintiffs ask this Court to

2

issue "an order staying the Notice of Remand and any further proceedings in the Wayne County Circuit Court, pending resolution of the Salon's appeal." (*Id.* at 6).

"In evaluating motions to stay, the factors for injunctive relief are considered: 1) whether the applicant has demonstrated a likelihood of success on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other interested parties; and 4) where the public interest lies." *Felder's Auto Body and Frame Shop, Inc. v. Conely*, 113 F. App'x 68, 70 (6th Cir. 2004).

Here, the Court finds that Plaintiffs have not demonstrated a likelihood of success on the merits of their appeal.[1] That is because a district court's order of remand based upon lack of subject matter jurisdiction "is beyond all power of appellate review, even if based on erroneous principles or analyses." *Page v. Southfield*, 45 F.3d 128,131 (6th Cir. 1995). The Court concludes that the remaining factors also weigh against a stay.

Accordingly, the Court **ORDERS** that Plaintiffs' Motion for Stay is **DENIED.**

**IT IS SO ORDERED.**

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: November 1, 2016

---

[1] It is also questionable as to whether Plaintiffs may pursue an appeal in this case, given that they voluntarily dismissed this case prior to filing their Notice of Appeal.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Paralee Boyd Salon, LLC, *et al.,*

    Plaintiffs,

v.                                                             Civil Case No. 16-13375

COG Studio, LLC,                        Sean F. Cox
                                                             United States District Court Judge

    Defendant.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on November 1, 2016, by electronic and/or ordinary mail.

                                                                S/Jennifer McCoy
                                                                Case Manager